# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

## No. 1:20-cr-00041-MR-DC

| | |
|---|---|
| UNITED STATES, ) | |
|   Plaintiff ) | |
| ) | M. Reidinger, USDJ |
| v. ) | D. Keesler, USMJ |
| ) | |
| ) | |
| FREDERICK THOMAS GETTINS STROHM, ) | |
|   Defendant ) | |
|                                ) | |

## MEMORANDUM IN SUPPORT OF
## SECOND MOTION TO EXTEND SELF-SURRENDER DATE

**FREDERICK THOMAS GETTINS STROHM**, by and through undersigned counsel, respectfully submits this Memorandum in Support of his Second Motion to Extend Surrender Date [Doc. 36].

The Court has granted one extension of surrender, until June 15, 2021 [Doc. 35], based on the BOP's quick prison designation and Strohm's ability to get COVID-19 vaccinations. We now ask for an additional extension of surrender date to accommodate his business partner's medical needs, and keep the company stable during his partner's temporary convalescence.

1

Mr. Strohm faces a routine 18-month prison sentence for a garden-variety embezzlement offense. There is no violence anywhere in Mr. Strohm's past, and nothing risky about his present. For this, Strohm has been privileged with an unsecured appearance bond since he pleaded guilty. We ask that Strohm now also be allowed to surrender in the autumn instead of next week, to ensure his shared company, and its employees, can capitalize on the busy summer mowing and horticultural season.

### A. *BUSINESS NECESSITY, INCLUDING FOR THIRD PARTIES*

Shortly after losing his job in 2019, Mr. Strohm joined All-American Lawns LLC (a North Carolina limited liability company doing business as "All-American Lawns"). Strohm partners with Joseph Mosley in this small company employing four workers, and serving both commercial and residential contracts.

All-American Lawns previously relied on Mr. Strohm to handle sales and administration, including payroll and human resources aspects, while also ferrying the crew to and from daily job sites, weed eating, spraying, and completing all the zero-turn mowing. Mosley supervised and worked alongside their four-man team.

Mr. Mosley was also learning from Mr. Strohm the additional administrative burdens he is to carry, until Strohm returns from prison. But on May 13, 2021, Mr. Strohm was notified that Mr. Mosley has kidney stones, and will be getting treatment through the Veterans Administration ("VA") Medical Center. Mr. Mosley has been unable to work since then. He has no definite return date yet, but his current best-case recovery scenario hopes for a late-July to early-August return to light duties.

That leaves Mr. Strohm as the only supervisor/manager at All-American Lawn Care, while still being in charge of walkaday operations – until he surrenders to the BOP next week.

### B.  PRISON RULES PROHIBIT CONDUCTING BUSINESS

BOP rules forbid inmates from conducting any regular business. *See, e.g., McCreary Admission & Orientation Handbook*, Section VI, "Contact with the Community and Public," Subsection G, at 33 (*"An inmate may not direct a business while confined."*) [*https://www.bop.gov/locations/institutions/mcr/MCR_aohandbook.pdf*, last visited 6/7/2021].

Inmates found guilty of conducting a business commit a "300-series," "moderate severity" misconduct punishable through lost Good Conduct Time (i.e., more prison time) and lost privileges like telephone and email use. *See*

3

FBOP Program Statement 5270.09, *Inmate Discipline Program*, CN-1 (11/18/2020) at 50-54 [*https://www.bop.gov/policy/progstat/5270.90_cn1.pdf*, visited 6/7/2021].[1]

Mr. Strohm intends to follow the rules, and wants to leave his company and its employees their best chance to prosper while he is incarcerated. If Mr. Strohm surrenders in the near term, though, the company may not survive with no management leadership to meet the upcoming demands from a landscaper's busiest season.

### C. PROPRIETY OF WORK-RELATED DELAY

Mr. Strohm accepts and respects the prison term he must serve. He also realizes that the Court cannot allow a surrender date to extend indefinitely. Strohm here asks for a seasonal delay, to accommodate a third-party's unforeseen medical circumstances, and to keep a number of third-parties' legitimate livelihoods stable until autumn brings lighter workloads and Mr. Mosley's light duty return.

---

[1] McCreary's A&O (Admission and Orientation) Handbook deems conducting a business "prohibited act 408," a "low severity" offense, despite the *Inmate Discipline Program* deeming the misconduct "moderate severity" prohibited act 334. However the BOP would resolve this conflict, running All-American Lawns from McCreary is prohibited conduct.

4

Preventing harm to the community, albeit from offender crimes, is one of Congress' stated purposes of sentencing. *See* 18 U.S.C. § 3553(a)(2). Employment harms to third-party community members are also sometimes within a sentencing court's discretion to avoid. Even under the strict regimen of mandatory Sentencing Guidelines, sentences could be mitigated to protect third-party livelihoods. *See, e.g., United States v. Olbres*, 99 F.3d 28, 36 (1st Cir. 1996); *United States v. Milikowsky*, 65 F.3d 4, 9 (2d Cir. 1995); *United States v. Holz*, 118 F. App'x 928, 941 (6th Cir. 2004). Authority and grounds for another stay of surrender clearly exist.

Strohm seeks another temporary pause before completing his punishment, to ensure the business central to his family support – and his partner's and employees' families as well – remains stable and growing. Strohm asks the Court to exercise an abundance of caution during these challenging pandemic economies, and to ensure that All-American Lawns' operations remain smooth until business partner Mosley has recovered and assumed the reins.

After that, Strohm understands there is a punishment and incapacitation to be fulfilled.

5

### D. Conclusion

Mr. Strohm accepts and respects the prison term he must complete. He also realizes that sentence cannot be put off indefinitely. But unforeseen challenges have arisen at the workplace – to the workplace – that Strohm intended to return to after release, to feed his family and pay his restitution. These challenges require Mr. Strohm's oversight, as one of two company supervisors, but they cannot be met under BOP rules.

Three more months in the community will let All-American Lawns (and its employees) maximize summertime landscaping overtime, and bank the cash these workers will need through the coming winter work slowdown.

Mr. Strohm poses no threat to any community, and he has appeared on time and ready at all Court proceedings. He has fully complied with the unsecured bond this Court allowed last year, and he has obtained his COVID-19 vaccinations as permitted. Far from posing a risk, three busy months of overtime work can ensure that All-American Lawns faces no added difficulties as Mr. Mosley recovers, and transitions into the labyrinth of small business administration requirements.

We understand that this prison term might still begin next week, despite this request. But this summer delay is sought to help not just Strohm and his own family, but also the landscaping team that depends on strong summers to

survive less busy winter. Any time that the Court might be able to allow Strohm to remain at work, before serving his punishment, will be a privilege that spreads a ripple of positive consequences.

We thus respectfully ask the Court for an additional extension of surrender until September 15, 2021.

Respectfully submitted this June 8, 2021.

By:    /s/ EJ HURST II
EJ Hurst II (*NC Bar No. 39261*)
Attorney at Law
1890 Star Shoot Parkway
Suite 170, PMB 371
Lexington, Kentucky 40509
Tel: (859) 361-8000
Fax: (866) 876-7269
Email: *jayhurst@jayhurst.net*

Attorney for Defendant Strohm

## CERTIFICATE OF SERVICE

I hereby certify this 8th day of June, 2021, that I served a copy of the foregoing **Defendant Strohm's Memorandum in Support of Second Extension of Surrender Date** in accordance with the Court's CM/ECF system.

By: \_\_\_/s/ EJ HURST II_____
EJ Hurst II (*NC Bar No. 39261*)
Attorney at Law
1890 Star Shoot Parkway
Suite 170, PMB 371
Lexington, Kentucky 40509
Tel: (859) 361-8000
Fax: (866) 876-7269
Email: *jayhurst@jayhurst.net*

Attorney for Defendant Strohm