THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00041-MR-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **FREDERICK THOMAS GETTINS** ) | |
| **STROHM,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Second Motion to Extend Self-Surender Date [Doc. 36].

The Defendant is currently scheduled to report to the Federal Bureau of Prisons (BOP) on June 15, 2021. The Defendant again moves the Court to defer his report date. [Doc. 36]. The Government has not responded to the Defendant's motion or indicated a position on the Defendant's motion at this time. [Id. at 4-5].

For grounds, the Defendant states that he has been training his business partner to complete the business' administrative and sales tasks in anticipation of Defendant's imprisonment. [Doc. 36 at 2-3; Doc. 37 at 2-3]. However, Defendant's business partner will be temporarily unavailable due

to medical needs and is expected to return to light duties in late-July to early-August. [Doc. 37 at 3]. The Defendant states that, due to his business partner's medical recovery timeline, an extension of the reporting date to September 15, 2021 will allow the Defendant to keep the business stable while his business partner recovers. [See Docs. 36, 37]. While the Defendant states he needs an extension to September 15, 2021 due to the seasonal nature of his business and his business partner's uncertain return, the Defendant fails to specify why another employee could not be trained to assist his business partner during his recovery. Further, the Defendant fails to specify why alternative arrangements could not be made prior to September 15, 2021.

The Record before the Court is somewhat puzzling. The PSR shows the Defendant as an hourly employee of all-American Lawn Care, not its owner/operator. [Doc. 20 at 14]. Moreover, the LLC Annual Report filed with the Defendant's motion lists Joseph Mosley as the Owner Manager of this business, not the Defendant. [Doc 36-1]. These discrepancies are not explained. While it appears that Mr. Mosley has had some recent health difficulties, the period during which his "physical work participation" is "greatly limited" will soon end. [Doc. 36-2 at 1]. In addition, the significant aspects of the business transition cited by the Defendant do not appear to pertain to Mr.

2

Mosley's physical activities. To the extent that the Defendant needs to transfer his responsibilities to Mr. Mosley or someone else at the business, it appears that this can be done much more quickly than proposed. After all, the Defendant was sentenced on February 18, 2021, and he has already had nearly four months to effectuate such transition.

Upon careful review of the Defendant's motion, the Court finds that the Defendant has not stated good cause for an extension of his reporting date to September 15, 2021. The Court, however, will grant the Defendant's motion to the extent that the Defendant will not be required to report to the Federal Bureau of Prisons (BOP) before August 1, 2021.

**IT IS, THEREFORE, ORDERED** that the Defendant's Second Motion to Extend Self-Surender Date [Doc. 36]. is **GRANTED IN PART**, to the extent that the Defendant will not be required to report to the Federal Bureau of Prisons (BOP) before **August 1, 2021**.

The Clerk is directed to provide a copy of this Order to counsel for the Government, counsel for the Defendant, the United States Marshals Service, and the appropriate official at the Bureau of Prisons.

**IT IS SO ORDERED.** Signed: June 11, 2021

Martin Reidinger
Chief United States District Judge