# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00041-MR-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) ) FREDRICK THOMAS GETTINS ) STROHM, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction in Sentence [Doc. 39] and the Defendant's Third Motion to Extend Self-Surrender Date [Doc. 40]. The Government has filed an expedited Consolidated Response [Doc. 43].

## I. PROCEDURAL BACKGROUND

In June 2020, the Defendant Fredrick Thomas Gettins Strohm pled guilty to one count of embezzlement from an Indian tribal organization, in violation of 18 U.S.C. § 1163. [Doc. 2]. On February 22, 2021, the Court sentenced him to a term of 18 months' imprisonment, to be followed by three years of supervised release. [Doc. 28]. The Defendant was also ordered to pay $199,077.76 in restitution. [Id.].

The Defendant was scheduled to report to the Federal Bureau of Prisons (BOP) on March 22, 2021. On March 19, 2021, the Defendant moved the Court to defer his report date so that he could become fully vaccinated against the coronavirus prior to reporting. [Doc. 33]. The Court granted the Defendant's motion and deferred the Defendant's reporting date to at least June 15, 2021. [Doc. 35].

On June 8, 2021, the Defendant moved for a second extension of his report date for approximately five months so as to allow him to transition his business to his business partner. [Doc. 36]. The Court granted the Defendant's motion in part, extending his report date to no earlier than August 1, 2021. [Doc. 38].

The Defendant is now currently scheduled to report to the BOP on August 3, 2021. On July 27, 2021, the Defendant filed the present motions, asking the Court to modify its Judgment to eliminate the term of imprisonment altogether. [Docs. 39, 40]. For grounds, the Defendant states that his father suffered a stroke on June 27, 2021, and that he has been providing daily care for his ailing father as well as his elderly mother. [Doc. 39].

## II. DISCUSSION

The Court may reduce or modify a defendant's sentence only under limited circumstances. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Pursuant to 18 U.S.C. § 3582, a sentence may be modified pursuant to § 3582(c); corrected pursuant to Rule 35 of the Rules of Criminal Procedure; or, in the case of a non-Guidelines sentence, appealed and modified pursuant to 18 U.S.C. § 3742. 18 U.S.C. § 3582(b).

Here, the Defendant seeks a modification of his sentence pursuant to § 3582(c)(1)(A)(i), which provides as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C.A. § 3582(c)(1)(A)(i). As the movant, the Defendant bears the burden of establishing that he is eligible for a sentence reduction. United

3

States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Defendant asserts that the exhaustion requirement set forth in § 3582(c)(1)(A)(i) is not applicable to him because he has not yet been committed to a BOP facility. [Doc. 39 at 6]. However, Congress made clear that the courts lack authority to modify a final judgment except under the circumstances set forth above. Specifically with respect for requests for compassionate release, the plain language of § 3582 makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. It is evident form the plain wording of the statute that the BOP should be the first arbiter of whether to grant a reduction in sentence, and that the Court should intervene only upon the exhaustion of those administrative remedies. If the Court were to find that the Defendant's request—made less than a week prior to even reporting to BOP—were sufficient to satisfy the requirements of § 3582(c)(1)(A)(i), it would render these requirements meaningless.

Even assuming that the Defendant's request could be properly considered by the Court at this time, the Defendant has failed to meet his burden of proving that there are extraordinary and compelling reasons to

4

grant the requested relief. Following the exhaustion of administrative remedies as required by § 3582(c)(1)(A), the Court is "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Although the factors set forth by the Sentencing Commission in § 1B1.13 are now merely advisory, the Court nevertheless may consider them because that Section "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7.

The new circumstances reported by the Defendant do not qualify as "extraordinary and compelling reasons" for a sentence modification under the "helpful guidance" from § 1B1.13. In that section, the Sentencing Commission recognized that "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" can constitute an "extraordinary and compelling" reason for a reduction in sentence. U.S.S.G. § 1B1.13, app. 1(C). The health condition of the Defendant's father, while undoubtedly serious, falls outside the scope of what the Sentencing Commission defines as being within a defendant's unique

responsibility to provide care. Further, there are likely other options to provide for the care of the Defendant's father. While the Defendant asserts in his motion that this would be difficult, he has failed to show that it would be impossible such that the only option would be for the Defendant to be given a non-custodial sentence.

Finally, the Defendant has not presented any evidence that would alter the Court's findings concerning the § 3553(a) sentencing factors. Here, the Defendant's crime was very serious. By virtue of his employment with Cherokee Broadband Enterprises ("CBE"), an Indian tribal organization, the Defendant access CCBE bank accounts and bank cards to embezzle, steal, and convert more than $199,000 in CBE funds for his own personal use. [Doc. 20 at 4]. Based on his total offense level and criminal history, the Court calculated an advisory Guidelines range of 18 to 24 months. [Doc. 29 at 1]. The Court sentenced him to a custodial sentence at the low end of this range. [Doc. 28]. The Court concludes that given the serious nature of the Defendant's crime, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment all continue to favor an active term of incarceration. Accordingly, the Defendant's motion for a reduction in sentence is denied.

6

Case 1:20-cr-00041-MR-DCK   Document 45   Filed 07/30/21   Page 6 of 7

The Defendant also seeks a third extension of his report date to allow the Court the time necessary to address the issues raised in his motion for reduction in sentence. The Government does not oppose allowing the Defendant additional time to self-report in order to make arrangements for his father's care. For cause shown, and in light of the Government's consent, the Court will extend the Defendant's self-report date to no earlier than September 1, 2021.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduction in Sentence [Doc. 39] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Third Motion to Extend Self-Surender Date [Doc. 40] is **GRANTED**, and the Defendant will not be required to report to the Federal Bureau of Prisons (BOP) before **September 1, 2021**.

The Clerk is directed to provide a copy of this Order to counsel for the Government, counsel for the Defendant, the United States Marshals Service, and the appropriate official at the Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: July 30, 2021

Martin Reidinger
Chief United States District Judge